IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ERIC ALEXANDER HITT,

    Petitioner,

v.                            CRIMINAL ACTION NO. 1:13-00246

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's "Notice of Eligibility for Amendment 801 Combined Motion and Brief to Modify an Existing Sentence Pursuant to 28 U.S.C. Section 3582(C) Under a Clarifying Amendment Regarding Application of U.S.S.G. Enhancement Section 2G2.2(b)(3)(F)." (ECF No. 55.) Also pending is petitioner's letter-form motion for "Judicial Notice of Carbajal." (ECF No. 58.) The court construes petitioner's pro se filings together as a single motion to modify an existing sentence under 18 U.S.C. § 3582(c)(2). For the following reasons, petitioner's motion is **DENIED**.

## I. Procedural and Factual Background

Eric Alexander Hitt ("Petitioner") was indicted with knowingly possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 252A(b)(2). (ECF No. 1.) Based on the plea agreement, (ECF No. 30), and on information contained

in the presentence investigation report, (ECF No. 48, ¶¶ 30-33), the court determined that a two-level enhancement pursuant to USSG §2G2.2(b)(3)(F) was warranted because the offense involved distribution of child pornography.  Petitioner was sentenced on December 16, 2014, to 97 months of imprisonment, to be followed by 20 years of supervised release.  (ECF No. 46.)

On November 1, 2016, the Sentencing Commission revised USSG §2G2.2(b)(3)(F) to require that a defendant "knowingly engaged in distribution" before applying the two-level enhancement. U.S. Sentencing Guidelines Manual app. C amend. 801 (Nov. 1, 2016).

Petitioner then filed his pending motion on March 3, 2017, arguing that he should be resentenced because he did not "knowingly engage in distribution" nor has he ever admitted to doing so, and the government cannot prove that he ever did so. (See ECF No. 55.)  Petitioner also argues that the change made to USSG §2G2.2(b)(3)(F) is a clarifying amendment, and thus the new guideline should be retroactive and apply to this case, warranting his resentencing.  (See id.)

The government responded to petitioner's motion, arguing that the amendment to USSG §2G2.2(b)(3)(F) is not a clarifying amendment and, therefore, is not retroactive.  (See ECF No. 56). The government additionally argues that because Amendment 801 is not included in §1B1.10(d), the court is not authorized to modify petitioner's sentence.  (See id.)

Petitioner responded to the government's arguments, again arguing why Amendment 801 is a clarifying amendment, and arguing that the court making the amendment retroactive would not create a flood of § 3582(c)(2) motions.  (See ECF No. 57.)  Petitioner later filed a letter-form motion requesting that the court consider the Fourth Circuit's recent ruling in United States v. Carbajal, 717 Fed. App'x 234 (4th Cir. 2018), when ruling upon his motion.  (See ECF No. 58.)

## II.  **Analysis**

In the Fourth Circuit, a § 3582(c)(2) motion seeking a reduction in sentence due to an amendment in the Sentencing Guidelines may be granted only if the amendment meets two requirements: (1) the Sentencing Commission expressly stated the amendment is retroactively applicable; and (2) the amendment is a clarifying amendment or hybrid amendment[1] and not a substantive change.  See United States v. Goines, 357 F.3d 469, 480 (4th Cir. 2004)("[W]e hold that a defendant may rely on a clarifying or hybrid amendment to support a § 3582(c)(2) motion, *so long as the amendment has been designated for retroactive application*")

---

[1] A hybrid amendment is an amendment that, but for the fact that the change conflicts with the prior law of the circuit (making it a substantive amendment), would otherwise be considered a clarifying amendment because it is "designed merely to elucidate the original intent of the Commission."  United States v. Goines, 357 F.3d 469, 474 (4th Cir. 2004).

(emphasis added); see also United States v. Akhter, 303 F. Supp. 3d 468, 470 (E.D. Va. 2017)("a blanket rule that all clarifying amendments must be applied retroactively for § 3582(c)(2) purposes fails; this argument misreads Goines, which, carefully read, is limited only to clarifying amendments designated as retroactive").

Amendment 801, which narrows the applicability of the USSG §2G2.2(b)(3)(F) enhancement, meets neither of these two requirements. The amendment is neither designated as being retroactive nor is it a clarifying amendment.

### i. *Express Statement of Retroactivity*

The texts of § 3582(c)(2) and the Sentencing Guidelines confirm that amendments must be explicitly stated to be retroactive to become so for the purposes of a § 3582(c)(2) motion for a reduction in sentence. A court may reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). USSG §1B1.10(b)(1) provides that, in determining whether a reduction under § 3582(c)(2) is warranted, the "court shall determine the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was

sentenced." U.S.S.G. § 1B1.10(b)(1). Thus, any amendment's retroactive effect in the § 3582(c)(2) context[2] turns on whether the amendment is listed as retroactive in subsection (d) of the guidelines.

The Congressional policy empowering the Sentencing Commission to amend the guidelines further supports this understanding of explicit retroactivity. As the Fourth Circuit explained,

> Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect. The amendment and retroactivity powers operate in tandem: The Commission decides how to modify the guidelines and also decides how such modifications should be implemented.

United States v. Goines, 357 F.3d 469, 476 (4th Cir. 2004) (internal citations omitted). Simply put, a court does not have the authority to retroactively apply a guidelines amendment unless the Sentencing Commission has stated that the amendment may be given retroactive effect.

Here, it is readily apparent that Amendment 801 cannot be applied retroactively to grant petitioner's § 3582(c)(2) motion

---

[2] USSG § 1B1.11(b)(2) does state that courts shall use the guidelines in effect on the date of sentencing, except that courts must also consider later clarifying amendments. See id. § 1B1.11(b)(2). However, that provision refers only to the version of the guidelines that must be used at sentencing or on appeal; the provision says nothing about § 3582(c)(2) motions. See id.; see also United States v. Akhter, 303 F. Supp. 3d 468, 471 (E.D. Va. 2017).

because Amendment 801 is not listed in USSG §1B1.10(d).  See
USSG §1B1.10(d) (not listing Amendment 801 as an amendment
covered by the policy allowing retroactive sentence reduction).
Therefore, Amendment 801 cannot serve as the basis for reducing
petitioner's previously imposed sentence, and therefore
petitioner's motion is **DENIED**.

Moreover, even if the court had the discretion to further
reduce the petitioner's sentence because Amendment 801 was made
retroactive, it would not do so because Amendment 801 is a
substantive amendment and not a clarifying or hybrid amendment.

### ii.  *Clarifying versus Substantive Amendments*

An amendment is a clarifying amendment if it "changes
nothing concerning the legal effect of the guidelines, but
merely clarifies what the Commission deems the guidelines to
have already meant."  United States v. Capers, 61 F.3d 1100,
1109 (4th Cir. 1995).  An amendment is substantive if the new
terms are "contrary to the plain meaning of the [prior]
guideline's text."  United States v. Neilssen, 136 F.3d 965, 969
(4th Cir. 1998).

Here, the court concludes that the provision in Amendment
801 amending USSG §2G2.2(b)(3)(F) is not a clarifying amendment,
and thus cannot retroactively apply to petitioner.  The court so
concludes because the amendment was not intended to be a mere
clarification, and it did substantively alter the meaning of the

guidelines.  First, the Sentencing Commission did not expressly

indicate that the amendment clarifies or provides guidance

regarding the application of § 2G2.2.  Instead, the Commission

adopted the approach of some of the courts of appeals and

limited the scope of § 2G2.2(B)(3)(F) based on its determination

that "the 2-level distribution enhancement is appropriate <u>only</u>

in cases in which the defendant knowingly engaged in

distribution."  U.S. Sᴇɴᴛᴇɴᴄɪɴɢ Gᴜɪᴅᴇʟɪɴᴇs Mᴀɴᴜᴀʟ app. C amend. 801

(Nov. 1, 2016)(emphasis added).  Second, the amendment changed

the language of the guidelines itself rather than just modifying

the commentary.  <u>See id.</u> (amending §2G2.2(b)(3)(F) by striking

"Distribution" and inserting "If the defendant knowingly engaged

in distribution").  Third, and perhaps most tellingly, the

amendment added into the statute an express mens rea requirement

where there was none before.  <u>See id</u>.  While the amendment is

not per se contrary to the prior version's plain meaning, the

amendment adds an element requirement that was not present

before – and such an addition is substantive in nature.  <u>Cf.</u>

<u>Gouldman v. United States</u>, 2016 WL 7239134, at *2 (W.D. Mich.

Dec. 15, 2016).

     Thus, the amendment is a substantive change, not a

clarifying one.  The substantial majority of other courts to

consider this issue relating to Amendment 801's modification of

USSG §2G2.2(b)(3) agree.  <u>See, e.g.</u>, <u>United States v. Mullins</u>,

748 Fed. App'x 795, 800 (10th Cir. 2018); <u>United States v.</u>

<u>Garcia</u>, 654 Fed. App'x 972, 975 n.2 (11th Cir. 2016); <u>United</u>

<u>States v. Morain</u>, 2019 WL 2103175, at *2 (D. Kan. May 14, 2019);

<u>United States v. Prophet</u>, 2018 WL 6181671, at *2 (W.D. Pa. Jan.

18, 2018); <u>United States v. Mullins</u>, 2017 WL 6329617, at *5

(W.D. Okla. Dec. 11, 2017); <u>Gouldman</u>, 2016 WL 7239134, at *2.

Because the amendment petitioner bases his § 3582(c)(2) motion

on is a substantive and not clarifying amendment, petitioner's

§ 3582(c)(2) motion fails and is **DENIED**.[3]

## III. <u>Conclusion</u>

For these reasons, petitioner is not entitled to the

retroactive application of Amendment 801 to reduce his sentence,

and his § 3582(c)(2) motion, (<u>see</u> ECF Nos. 55, 58), is **DENIED.**

---

[3] The Fourth Circuit's decision in <u>Carbajal</u> does not change this
analysis. <u>See</u> <u>United States v. Carbajal</u>, 717 Fed. App'x 234,
240-41 (4th Cir. 2018). <u>Carbajal</u> discussed why Amendment 794 is
a clarifying amendment. <u>See id.</u> However, that analysis is not
relevant to an analysis of whether Amendment 801 is a clarifying
or substantive amendment. Further, the Fourth Circuit did not
discuss whether Amendment 794 could be retroactively applied –
it merely explained that Amendment 794, which was crucially
issued *prior* to Carbajal's sentencing, <u>see id.</u> at 235 –
overruled its precedent which Carbajal was incorrectly sentenced
under, and thus remanded for resentencing. <u>See id.</u> at 241.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner, counsel of record, and the Probation Office of this court.

It is SO ORDERED this 12th day of February, 2020.

ENTER:

David A. Faber
Senior United States District Judge