```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

ERIC ALEXANDER HITT,

    Petitioner,

v.                          CRIMINAL ACTION NO. 1:13-00246

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's motion for this court to reconsider its earlier judgment, (ECF No. 59), pursuant to Federal Rule of Civil Procedure 59(e).  (ECF No. 60.)

This court previously issued a Memorandum Opinion and Order on February 12, 2020, denying petitioner's motion to modify his sentence.  (ECF No. 59.)  The court then held that petitioner's motion must be denied because Amendment 801 – the amendment to the Sentencing Guidelines that petitioner relies upon as the basis to modify his sentence  -  has not been given retroactive applicability and because it is a substantive and not a clarifying amendment.  (See id.)  The court also discussed why Amendment 794, and the Fourth Circuit's discussing of Amendment 794 in United States v. Carbajal, 717 Fed. App'x 234, 240-41 (4th Cir. 2018), was not relevant to this court's analysis of Amendment 801.  (See id. at p.8 n.3.)

On February 24, 2020, petitioner filed the instant motion to reconsider. (ECF No. 60.) Petitioner argues that the court "erred in deciding that it does not have the authority to amend [petitioner's] sentence because it has deemed that Amendment 794 is not retroactive." (Id.) Petitioner then argues that Amendment 794 is substantive, that substantive rules are generally retroactive, and thus that his sentence violates a substantive rule and his sentence should be modified. (See id.) Nowhere in the motion does petitioner address Amendment 801. (See id.)

For the reasons that follow, petitioner's motion to reconsider is **DENIED**.

I. **ANALYSIS**

"A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. NASCAR, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "It is an extraordinary remedy that should be applied sparingly." Id. (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)).

The circumstances under which Rule 59(e) motions may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e)

2

motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted). The court construes that petitioner bases his Rule 59(e) motion on the third situation in which Rule 59(e) may be invoked – to correct a clear error of law.

Petitioner has not met his burden of showing that the court committed clear error of law in its previous ruling. First, the court previously explained why Amendment 794 is irrelevant to petitioner's notion for sentence reduction. Petitioner has not provided the court with any binding case law showing that the court committed clear error in so ruling.

Second, petitioner cites Supreme Court caselaw which states that substantive rules are generally retroactive. See Whorton v. Bockting, 549 U.S. 406, 416 (2007) ("A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding.'" (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990))). However, this line of caselaw refers to the retroactivity of new rules of *constitutional law as stated by the Supreme Court*; it does not relate to the retroactivity of substantive versus clarifying *amendments to the Sentencing Guidelines*. Thus, again petitioner has not provided the court with any binding case law showing that the court committed clear

3

error in its earlier ruling that Amendment 801 is not retroactively applicable in this case.

## II. CONCLUSION

For the foregoing reasons, petitioner's motion, (ECF No. 60), for this court to reconsider its earlier judgment pursuant to Rule 59(e) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

IT IS SO ORDERED this 8th day of June, 2020.

ENTER:

David A. Faber
Senior United States District Judge